# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 3:14-CR-124.8 |
| | ) REEVES/POPLIN |
| DONNA JEANNE SMITH | ) |

## MEMORANUM AND ORDER

This matter is before the court on the defendant's *pro se* motion for early termination of supervised release [R. 515]. In support of her motion, defendant states that since beginning supervised release on August 11, 2018, she has not re-offended nor had any contact with law enforcement. She has been compliant with monitored sobriety, with no positive tests. She continues to attend AA classes regularly. She owns her home and currently works full time as a pet groomer.

Defendant's probation officer reports that defendant commenced supervision on August 10, 2018. Her term of supervised release will terminate on August 9, 2021. Defendant has completed 19 months of her 36-month term of supervised release. The probation officer considers her a low risk to reoffend. He confirms that defendant has maintained a stable residence, full time employment, and has not had any issues with noncompliance. He further states that defendant has demonstrated an ability to maintain compliance with the law and does not appear to present a risk to the community. She has maintained a respectful attitude with the probation officer and has complied with the

officer's instructions. Based on her conduct while on supervision and considering the Guide to Judicial Policy, the probation officer considers defendant a favorable candidate for early termination of supervised release.

The Government has informed the court that it objects to early termination because of the seriousness of defendant's role in contributing to the opioid epidemic in the Eastern District of Tennessee. During the time she was employed at Breakthrough Pain Clinic, defendant was responsible for at least 567 patient visits, and issued 1,473 prescriptions.

Defendant pled guilty to conspiracy to distribute Schedule II and Schedule IV controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). She was sentenced to 24 months imprisonment followed by 3 years supervised release.

The record shows that defendant has completed more than half of her ordered term of supervised release. Defendant moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, the Court finds that the relevant portions of 18 U.S.C. § 3583(a) support an early termination of defendant's supervised release. In support of this determination, the Court notes that defendant has

completed more than one year of her term of supervised release and that defendant is in compliance with the conditions of her release.  In addition, her probation officer recommends early termination.  The Court notes the Government's objection but agrees with the probation officer that in light of defendant's success on supervised release, she does not pose a risk to re-offend.  It appears to the Court that defendant has rehabilitated herself and she poses no threat to any individual or the community to reoffend.  Accordingly, because the requirements of 18 U.S.C. § 3583(e)(1) have been satisfied.  The Court finds defendant's motion for early termination of supervised release well taken, and it is hereby **GRANTED**.  Defendant's term of supervised release is **TERMINATED.**

The Court commends defendant for her efforts to turn her life around and wishes her success in her future endeavors.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**